UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSHUA AARON GRUENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PORTER COUNTY, INDIANA, a ) | |
| Municipal Corporation; BOARD OF ) | |
| COMMISSIONERS OF PORTER ) | |
| COUNTY, INDIANA; PORTER ) | |
| COUNTY JAIL; JOE WIDUP, Warden ) | No. 2:03 CV 234 |
| of Porter County Jail, Porter County, ) | |
| Indiana; SUCCESSOR TO LARRY SHEETS, ) | |
| in His Capacity as Porter County ) | |
| Commissioner; DAVID BURRUS, in His ) | |
| Capacity as Porter County Commissioner; ) | |
| JOHN EVANS, in His Capacity as Porter ) | |
| County Commissioner; and, PORTER ) | |
| COUNTY SHERIFF'S DEPARTMENT, ) | |
| Porter County, Indiana, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On June 16, 2003, plaintiff Joshua Aaron Gruenberg, a pretrial detainee at the Porter County Jail, filed a complaint based on 42 U.S.C. § 1983 against various Porter County defendants alleging that the defendants acted with deliberate indifference to, and failed to protect him from, a sexual attack and threats of physical violence in violation of the Eighth and Fourteenth Amendments to the United States Constitution. (Compl. ¶¶ 1, 2, 7, 8, 9, 11). This court dismissed plaintiff's claims against defendants Board of Commissioners of Porter County, Successor to Larry Sheets, David Burrus,

and John Evans, in its order dated March 16, 2004. (Order, docket # 29). The remaining defendants are Porter County, Indiana; the Porter County Jail; Joe Widup, Warden of Porter County Jail; and the Porter County Sheriff's Department. These remaining defendants filed a motion for summary judgment on September 29, 2004. (Defs.' Mot. Summ. J., docket # 35). Plaintiff failed to respond[1] to this motion, and defendants motioned for summary ruling pursuant to LOCAL RULE 7.1(a) on November 2, 2004. (Defs.' Mot. Summ. Rul., docket # 39).

**I. STANDARD OF REVIEW**

Summary judgment, a mechanism rooted in FEDERAL RULE OF CIVIL PROCEDURE 56, is "an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986) (internal quotation marks omitted). When considering a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in his favor. *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the

---

[1] Under LOCAL RULE 56.1(a), plaintiff had thirty days from the date of service of defendants' summary judgment motion to file a response. Defendants, unsure of whether plaintiff was represented by counsel at the time of filing this motion, took the precautionary step of providing the motion for summary judgment notice owed to *pro se* plaintiffs as required by LOCAL RULE 56.1(e). (Notice to Pro Se Pl., docket # 34). Nearly twelve months have passed since defendants filed this motion. To date, plaintiff has filed no response, or any other document, with this court.

matter, but instead to determine whether there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986); *Doe,* 42 F.3d at 443.

The party seeking summary judgment, the movant, bears the initial responsibility of informing the court of the basis for his motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. "[T]he burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving part has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson,* 477 U.S. at 252; *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). The non-movant must do more than raise some metaphysical doubt as to the material facts; he must come forward with specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

## II. DISCUSSION

Plaintiff seeks to hold defendants liable under 42 U.S.C. § 1983 for violations of his rights under the Eighth and Fourteenth Amendments. (Compl. ¶¶ 1, 2, 7, 8, 9, 11). In *Monell v. Department of Social Services,* the Supreme Court recognized that local

3

governmental entities, such as the defendants[2] in this case, can indeed be held liable under § 1983. 436 U.S. 658, 691 (1978). However, in reaching that decision, the Court also made clear that such municipal liability is not available under a theory of respondeat superior alone, but rather only when a *policy or custom* of that municipality causes a constitutional injury. *Id.* at 691-92.

A § 1983 plaintiff can meet *Monell's* requirements by establishing that the governmental entity's unconstitutional policy or custom took one of three forms: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority." *Palmer,* 327 F.3d at 594-95.

---

[2] Plaintiff does not indicate whether he is suing defendant Joe Widup, Warden of the Porter County Jail, in his official or individual capacity. The court presumes that the claim is against Widup in his *official capacity only* because plaintiff has described Widup with the phrase "Warden of Porter County Jail, Porter County, Indiana" in the caption of his complaint. If this is the case, the claim against Widup will be construed as a suit against the entity he represents–the Porter County Jail and essentially Porter County itself. *See Richman v. Sheahan,* 270 F.3d 430, 439 (7th Cir. 2001). The court therefore analyzes the claim against Widup in his official capacity the same way as a claim against a local governmental entity, subject to the same *Monell* analysis as the claims against the other defendants in this case. As an aside, even if plaintiff were suing Widup in his individual capacity, this claim would fail. "An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original). Plaintiff has not alleged any personal responsibility on Widup's part that would subject Widup to liability in his individual capacity.

4

Defendants have met their burden on this summary judgment motion as to the first of these options, as they have pointed out that the record is entirely void of any evidence (or even allegations) that defendants had an express policy that resulted in a constitutional deprivation. (Defs.' Mot. Summ. J. 7). Defendants also correctly point out that plaintiff has not presented any evidence to establish an unconstitutional policy under the "widespread practice" theory. (Defs.' Mot. Summ. J. 8). "When a plaintiff chooses to challenge a municipality's unconstitutional policy by establishing a widespread practice, proof of isolated acts of misconduct will not suffice; a series of violations must be presented . . . ." *Palmer,* 327 F.3d at 596. Plaintiff has alleged that he was assaulted "on at least one occasion" (Compl. ¶ 5), but does not put forth any evidence of a series of violations to establish a widespread practice effectively constituting a custom or usage with force of law.

With the first two possible theories excluded, the only avenue remaining is the third, which requires plaintiff to allege that his constitutional injury was caused by a person with final policy-making authority. "It is true that a single act or decision of a final policymaker can establish municipal policy." *McGreal v. Ostrov,* 368 F.3d 657, 685 (7th Cir. 2004) (internal quotation marks omitted). However, "[a]s a corollary of this point, the plaintiff must first allege that a defendant is a final policymaker. Only then can a court proceed to the next question of whether the single act or single decision of that defendant constituted municipal policy." *Id.; see also Jackson v. Cook County Sheriff Police Dep't,* No. 04 C 2344, 2004 WL 2632927, at *3 (N.D. Ill. Nov. 17, 2004). The *Jackson*

5

court determined that because the plaintiff was unable to support the first two avenues of establishing an unconstitutional policy, the plaintiff's only chance of keeping his case alive was via the third route– that his injury was caused by a person with final policy-making authority. 2004 WL 2632927, at *3. However, the court could not breathe life into that claim either, as the plaintiff had failed to allege that the officer in question was a person with such authority. *Id.* The case at hand is doomed to the same fate. Plaintiff has simply failed to allege that any defendant, any representative of any defendant, or any person at all, is a final policy-maker. Defendants have met their burden as to the third theory of § 1983 municipal liability by pointing out this shortcoming. (Defs.' Mot. Summ. J. 8).

By showing the court that the record contains no evidence to support a § 1983 claim under any of the three theories recognized by the Seventh Circuit, defendants have met their burden on this motion for summary judgment. The burden now shifts to plaintiff, who must set forth specific facts showing a genuine issue of fact remaining to warrant trial. *Palmer,* 327 F.3d at 595 (citing *Celotex,* 477 U.S. at 324 (1986)). As the court stated earlier, the plaintiff did not respond to this motion for summary judgment, so the only document supporting plaintiff's § 1983 claim before the court at this time is plaintiff's complaint. However, plaintiff may not survive summary judgment merely by resting on the pleadings, but must put forth fresh proof, in the form of affidavits, depositions, answers to interrogatories, or admissions on file. *Celotex,* 477 U.S. at 324. Indeed, plaintiff may rebut with anything allowed by FEDERAL RULE OF CIVIL

6

PROCEDURE 56(c)– "except the mere pleadings themselves." *Id.* Therefore, plaintiff's complaint will not provide a basis on which plaintiff may fend off defendants' motion.

Under the FEDERAL RULES OF CIVIL PROCEDURE, plaintiff had an opportunity to respond to defendants' motion for summary judgment. FED. R. CIV. P. 56(e). Indeed, summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quoting *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). The RULES state that "[i]f the adverse party [to a motion for summary judgment] does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV. P. 56(e). In this case, defendants have met their burden on this motion, and plaintiff has provided the court with nothing in rebuttal. Therefore, pursuant to RULE 56(e), summary judgment in favor of defendants is proper.

### III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (docket # 35) is **GRANTED** pursuant to FEDERAL RULE OF CIVIL PROCEDURE 56. As the claims against all other defendants were dismissed according to this court's order dated March 16, 2004 (docket # 29), there are no claims against any defendants remaining for trial.

7

The Clerk is directed to **ENTER FINAL JUDGMENT** stating: Judgment is entered **in favor of defendants** Porter County, Indiana; Board of Commissioners of Porter County, Indiana; Porter County Jail; Joe Widup; Successor to Larry Sheets; David Burrus; John Evans; and Porter County Sheriff's Department; **and against plaintiff** Joshua Aaron Gruenberg, who shall take nothing by way of his complaint.

**SO ORDERED.**

**ENTER:** September 9, 2005

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT